No. 23-20145

# In the United States Court of Appeals for the Fifth Circuit

Pamela Cyrilien
*Plaintiff-Appellant*,
*v.*
Texas Department of Criminal Justice,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

**BRIEF OF PLAINTIFF-APPELLANT**

> Rashon Murrill
> State Bar of Texas: 24110622
> Attorney-in-Charge
> Alan Kolodny
> State Bar of Texas: 24056882
> 1011 Augusta Dr., Suite 111
> Houston, Texas 77057
> Telephone: (713) 532-4474
> Facsimile: (713) 785-0597
> Email: rmurrill@fko-law.com
> Email: akolodny@fko-law.com
>
> **ATTORNEYS FOR PLAINTIFF-APPELLANT PAMELA CYRILIEN**

## CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluation possible disqualification or recusal:

1) **Plaintiff-Appellant**

    Pamela Cyrilien

2) **Defendant-Appellee**

    Texas Department of Criminal Justice

3) **Counsel for Plaintiff-Appellant**

    Alan Kolodny & Rashon Murrill | Kolodny Law Firm

4) **Counsel for Defendant-Appellee**

    Briana Webb | Office of the Attorney General Law Enforcement Defense Division

/s/ Rashon Murrill
**Rashon Murrill**
**Counsel of Record for Plaintiff-Appellant Pamela Cyrilien**

## **<u>Statement Regarding Oral Argument</u>**

Plaintiff-Appellant Pamela Cyrilien requests oral argument as she believes it could significantly aid the decisional process in this case.

# **Table of Contents**

Certificate of Interested Persons………………………………………………………2

Statement Regarding Oral Argument……………………………………………….3

Table of Contents……………………………………………………………………...4

Table of Authorities……………………………………………………………......…5

Jurisdictional Statement……………………………………………………………..6

Statement of the Case…………………………………………………………………9

Summary of the Argument………………………………………………………..10

Argument……………………………………………………………………………11

I.      Standard of Review…………………………………………………………...11

II.     Summary Judgment Standard……………………………………………………11

III.    Appellant is a Qualified Individual Under the Rehabilitation Act…………12

IV.    Appellee Terminated Appellant Due to Her Disability……………………15

V.     The District Court Erred When it Granted Appellee's Motion for Summary Judgment…………………………………………………………………...16

Conclusion…………………………………………………………………………...17

Certificate of Service………………………………………………………………...18

Certificate of Compliance


# Table of Authorities

**Cases**

*Barricks v. Minyard Food Stores, Inc.*,
  No. 98-10147, 1999 WL 47042, *3 (5th Cir. 1999)………………………..12

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986)……………………………………………………..11

*Cutrera v. Bd. of Supervisors of La. St. Univ.*
  429 F.3d 108, 113 (5th Cir. 2005)………………………………………….13

*E.E.O.C. v. Chevron Phillips Chem. Co., LP*
  570 F.3d 606 (5th Cir. 2009)…………………………………………..16

*EEOC v. Res. For Human Dev.*
  827 F. Supp. 2d 688, 692 (E.D. La. 2011)…………………………………13

*Provident Life & Accident Ins. Co. v. Knott*
  128 S.W.3d 211, (Tex. 2003)……………………………………………11

*Scott v. Harris*
  550 U.S. 372, 380 (2007)………………………………………………..12

**Statutes**

28 U.S.C. § 1292………………………………………………………………...6

29 U.S.C. § 794(a)……………………………………………………………...12

42 USC § 12111(8)……………………………………………………………..12

Fed. R. Civ. P. 56(a)……………………………………………………………11

Tex. Lab. Code Ann. § 21.051……………………………………………………15

## Jurisdictional Statement

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292 because it is an appeal of a final decision of a district court.[1] Appellant timely appealed by filing this notice of appeal within 30 days of the district court's March 10, 2023 order granting summary judgment.[2]

---

[1] ROA.323
[2] ROA.324

## Issues Presented

This summary-judgment appeal raises questions regarding the status of Appellant as a qualified individual under the Rehabilitation Act and her termination due to her disability.

1. **Appellee's Allegations That Appellant is Not a Qualified Individual Under the Rehabilitation Act is Incorrect**

   A. Whether Appellant could have performed the essential functions of her job with reasonable accommodation at the time Appellee terminated her?

   B. Whether there were any available reasonable accommodations that could have been provided to Appellant to enable her to perform her job?

   C. Whether Appellee considered alternative positions within the organization that Appellant could have performed with reasonable accommodations?

   D. Whether there were any factual or legal errors in Appellee's assessment of Appellant's qualification under the Rehabilitation Act?

2. **Appellee Terminated Appellant Due to Her Disability**

   A. Whether Appellant was put on medical LWOP leave because of her disability?

B. Whether Appellee's refusal to work with Appellant to find accommodation was a clear violation of the ADA?

C. Whether Appellee explored and exhausted all possible reasonable accommodations to enable Appellant to perform her job?

D. Whether Appellant's termination was a result of Appellee's failure to provide reasonable accommodations?

## Statement of the Case

Appellant filed suit as a result of discrimination she endured while working at the Texas Department of Criminal Justice Pack Unit 1.[3] Appellant was an employee of Appellee when she was diagnosed with stage 2-A breast cancer on December 14, 2018.[4] Appellant had to use personal days and vacation days to receive chemotherapy because the treatment prevented her from being able to stand for long periods of time, which is a duty her job required.[5]

Appellant requested for a reasonable accommodation be made to her job when she returned to work in the form of light duty.[6] Instead of assigning Appellant light duty, Appellee demanded that she resume her previous duties.[7] Appellant was also told if she did not return to work after her leave-without-pay benefits expired and performed the same job duties as she did prior to her diagnosis, she would be fired.[8]

---

[3] ROA.8
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

Despite Appellant's reasonable request to perform light duty, Appellee refused to make any such accommodation.[9] Instead, Appellee summarily fired her on March 19, 2020 after her leave without pay expired.[10]

Appellee sought summary judgment of all of Appellant's claims, asserting that Appellant was not a qualified individual under the Rehabilitation Act.[11] On March 10, 2023, the District Court entered an order granting summary judgment in favor of Appellee.[12]

## Summary of the Argument

Appellee's Summary Judgment should be reversed because there is ample evidence such that a reasonable jury could find that Appellant is a "qualified individual" under the Rehabilitation Act and that Appellee discriminated against Appellant solely due to her disability.

### A.   Appellant is a Qualified Individual Under the Rehabilitation Act

Appellant is a qualified individual under the ADA and the Rehabilitation Act because she could have performed her job's essential functions with a reasonable accommodation. Appellant requested a desk job due to her breast cancer diagnosis, but Appellee refused to provide any accommodation. The evidence strongly

---

[9] *Id.*
[10] *Id.*
[11] ROA.89-92
[12] ROA.323

indicates that Appellant was qualified and capable of performing her job with a reasonable accommodation, and Appellee's failure to engage in the interactive process and refusal to provide the requested accommodation is a violation of their legal obligations under the ADA.

B. **Appellee Termination Appellant Due to Her Disability**

Appellee argued that it terminated Appellant because her leave without pay had expired. However, according to Appellee's own internal procedures, employees can only request medical LWOP if a condition affecting their mental or physical health hinders their job performance. Appellant was initially placed on leave due to the limitations caused by her disability, which prevented her from working without an accommodation, an option Appellee refused to provide.

## Argument

I. **Standard of Review**

A summary judgment is subject to *de novo* review.[13]

II. **Summary Judgment Standard**

Summary judgment is only proper if the movant manages to meet its burden to establish conclusively that there are no genuine issues of material fact *and* that the movant is entitled to judgment as a matter of law.[14] Only if the movant carries

---

[13] *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).
[14] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

its burden under Fed. R. Civ. P. 56(a) does the nonmovant need to show that there is a genuine dispute of material fact.[15] If the record taken as a whole could lead a rational trier of fact to find for the nonmoving party, there is a genuine issue of material fact.[16] The Court must view all facts and draw all reasonable inferences in the light most favorable to the nonmovant.[17]

### III. Appellant is a Qualified Individual Under the Rehabilitation Act

Appellant is a "qualified individual" under both the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 because it is evident that she could have performed the essential functions of her job if reasonable accommodations were provided by Appellee at the time of her termination. A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position."[18]

The Rehabilitation Act prohibits discrimination against individuals with disabilities in programs and activities receiving federal funding.[19] Under the Rehabilitation Act, employers have a legal obligation to engage in an interactive process with qualified individuals seeking accommodation in order to identify and

---

[15] *Id*. At 322-23.
[16] *Scott v. Harris*, 550 U.S. 372, 380 (2007).
[17] *Id*. At 378.
[18] 42 USC § 12111(8); *Barricks v. Minyard Food Stores, Inc.*, No. 98-10147, 1999 WL 47042, *3 (5th Cir. 1999).
[19] 29 U.S.C. § 794(a).

provide reasonable adjustments that would enable them to perform their job duties effectively.[20] Reasonable accommodations may include making existing facilities used by employees readily accessible and usable by individuals with disabilities and job restructuring like modified work schedules, modification of equipment, and adjustments to policies.[21]

    The evidence shows that Appellee had a reasonable accommodation that it could have provided Appellant with, but refused to do so. Appellant was employed by Appellee as an administrative assistant.[22] After Appellant was diagnosed with breast cancer,[23] she sought a reasonable accommodation in the form of a desk job, which she was fully capable and willing to undertake despite her medical condition.[24] As Appellee admits, under the ADA, Appellee had a legal obligation to engage in an "interactive process" with Appellant to identify a reasonable accommodation for Appellant.[25] However, Appellee's employee Lora Cox refused to identify any such accommodation when approached by Appellant and immediately told Appellant that no such accommodation existed.[26] This refusal

---

[20] *Cutrera v. Bd. of Supervisors of La. St. Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).
[21] *EEOC v. Res. For Human Dev.*, 827 F. Supp. 2d 688, 692 (E.D. La. 2011).
[22] ROA.286
[23] ROA.290
[24] ROA.289
[25] ROA.92
[26] ROA.288

occurred despite Appellant's testimony confirming her physical ability to perform her job if provided with a desk-job accommodation.[27]

Appellee's accommodation coordinator,[28] Terry Bailey, contradicted Ms. Cox's claim that no accommodation was available for someone in Appellant's job position. In fact, Ms. Bailey testified under oath that during her time working for Appellee, she has seen individuals in the same administrative assistant position as Appellant be afforded a variety of light-duty positions, such as answering phones and handling mail in the mailroom.[29]

Appellant called multiple people at Appellee's HR headquarters and tried hard to find someone who would work with her to keep her job and provide her with a light-duty accommodation.[30] She asked for a sit-down job where she could primarily handle administrative tasks. To be clear, Appellee's list of "essential functions" for Appellant's administrative assistant job include tasks that could be done at a desk, such as the coordination of the preparation, editing, and distribution of correspondence, reports, studies and forms, as well as maintaining an inventory of materials and supplies using automated systems.[31] Further, in Appellee's job description of the administrative assistant IV role, which Appellant held, the

---

[27] ROA.292
[28] ROA.301
[29] ROA.302
[30] ROA.289
[31] ROA.132

14

equipment needed for such essential functions include a computer and related equipment, calculator, copier, fax machine, and telephone, all of which can be used at a desk.[32]

The evidence is sufficient such that reasonable jurors could have found that Appellant was a qualified individual under the Rehabilitation Act who could have performed the essential functions of her job with reasonable accommodation. Appellee's failure to engage in the interactive process and refusal to provide the requested accommodation demonstrates a violation of their legal obligations under the ADA, and the District Court erred in granting summary judgment.

## IV.   Appellee Terminated Appellant Due to Her Disability

Sections 21.051 of Texas's Labor Code make it an unlawful employment practice for an employer to discharge a disabled person based on a disability.[33]

Appellee claims that it terminated Appellant because her leave without pay, or LWOP, expired.[34] However, Appellee's own internal procedures state that Appellee's employees can only request medical LWOP in the first place when "a condition affecting the mental or physical health of the employee" hinders the employee's performance of her job functions.[35] Consequently, the only reason that Appellant was placed on leave at all was because the physical limitations caused

---

[32] ROA 134
[33] Tex. Lab. Code Ann. § 21.051.
[34] ROA.96
[35] ROA.309

15

by her disability hindered her from working unless she were given an accommodation to continue performing her job duties, which Appellee refused to do. Appellee's refusal to work with Appellant to find an accommodation (and falsely telling her that no such accommodation existed) was a clear violation of the ADA.[36]

## V. The District Court Erred When it Granted Appellee's Motion for Summary Judgment

A jury could reasonably find based on the evidence that a reasonable accommodation was available for Appellant as an administrative assistant in the form of a variety of light-duty jobs, that Appellant sought a light-duty version of her job, that she could have performed the essential functions of her job if given the desk-job accommodation, and that Appellant was physical able to perform her job if given the desk-job accommodation. If the jury were to so find, Appellant would be considered a "qualified individual" pursuant to the Rehabilitation Act. Consequently, viewing all facts and drawing all reasonable inferences in the light most favorable to Appellant, a genuine issue of material fact exists on the "qualified individual" question, and Appellee's Motion for Summary Judgment should have been denied by the Honorable United States District Court.

---

[36] *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 622 (5th Cir. 2009).

Furthermore, the evidence strongly indicates that Appellee's claim of terminating Appellant solely because her LWOP had expired is a pretext. Appellee's internal procedures clearly state that medical LWOP is granted when an employee's health condition hinders their job performance. Appellant's disability necessitated an accommodation to continue performing her job duties effectively. Moreover, Appellee's refusal to work with Appellant to find a reasonable accommodation, coupled with the false assertion that no such accommodation existed, raises serious concerns about Appellee's compliance with ADA. Therefore, it is evident that a jury could reasonably conclude that Appellant's termination was solely a result of her disability, and thus Appellee's Motion for Summary Judgment should not have been granted.

## Conclusion

This Court should reverse the District Court's order granting Appellee's Motion for Summary Judgment and remand for further proceedings. There is sufficient evidence to create a genuine issue of material fact to whether Appellant is a "qualified individual" under the Rehabilitation Act and whether Appellee discriminated against her solely due to her disability.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

/s/ Rashon Murrill
Rashon Murrill
State Bar of Texas: 24110622
Alan Kolodny
State Bar of Texas: 24056882
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: rmurrill@fko-law.com
Email: akolodny@fko-law.com

**ATTORNEYS FOR PLAINTIFF-APPELLANT PAMELA CYRILIEN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record on July 18, 2023 and has been transmitted to the Clerk of the Court.

/s/ Rashon Murrill
Rashon Murrill

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

- This brief contains 1,976 words.

2. This brief also complies with the typeface requirements of Fed R. App. P. 32(A)(5) and the type-style requirements of Fed. R. App. P. 32(A)(6) because:

    - This document has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Times New Roman.

/s/ Rashon Murrill
Rashon Murrill
Counsel of Record for Plaintiff-Appellant Pamela Cyrilien

Dated July 18, 2023