No. 23-20145

# In the United States Court of Appeals for the Fifth Circuit

Pamela Cyrilien
*Plaintiff-Appellant*,
*v.*
Texas Department of Criminal Justice,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

**REPLY BRIEF OF PLAINTIFF-APPELLANT**

Rashon Murrill
State Bar of Texas: 24110622
Attorney-in-Charge
Alan Kolodny
State Bar of Texas: 24056882
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: rmurrill@fko-law.com
Email: akolodny@fko-law.com

**ATTORNEYS FOR PLAINTIFF-APPELLANT PAMELA CYRILIEN**

## **CERTIFICATE OF INTERESTED PERSONS**

Cyrilien certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluation possible disqualification or recusal:

1) **Plaintiff-Appellant**

   Pamela Cyrilien

2) **Defendant-Appellee**

   Texas Department of Criminal Justice

3) **Counsel for Plaintiff-Appellant**

   Alan Kolodny & Rashon Murrill | Kolodny Law Firm

4) **Counsel for Defendant-Appellee**

   Briana Webb | Office of the Attorney General Law Enforcement Defense Division


    /s/ Rashon Murrill
**Rashon Murrill**
**Counsel of Record for**
**Plaintiff- Appellant Pamela**
**Cyrilien**

## **Table of Contents**

Certificate of Interested Persons…………………………………………………………2

Argument……………………………………………………………………………..…5

I.       The Evidence Shows That A Desk Job Existed….…………………………....5

II.     TDCJ Has Shown No Evidence That Essential Functions of Ms. Cyrilien's Job Would Be Transferred to Other Employees Had She Been Given A Reasonable Accommodation……………………………….........................6

III.    Ms. Cyrilien Could Appear for Work If Given A Reasonable Accommodation……………………………………………………………7

IV.    TDCJ's Claim That It Fired Ms. Cyrilien Due to LWOP Expiration Is Merely A Pretext for Disability Discrimination…………………………….8

Conclusion…………………………………………………………………………...10

Certificate of Service…………………………………………………………………...11

Certificate of Compliance………………………………………………………………11

# Table of Authorities

**Cases**

*Caldwell v. KHOU-TV*, 850 F.3d 237, 241-42 (5th Cir. 2017)………………………9


**Statutes**

42 USC § 12111(8)………………………………………………………………….5
42 U.S.C. § 12111(9)(B)………..………………………………………………..5, 7

## Argument

**I.    <u>The Evidence Shows That A Desk Job Existed.</u>**

TDCJ's contention that Ms. Cyrilien is not a "qualified individual" under the Act because there is supposedly no evidence that a desk job existed is belied by the law and the evidence on the record. Ms. Cyrilien is a "qualified individual" pursuant to the ADA, which defines a "qualified individual as one who can perform the essential functions of her employment position with or without reasonable accommodation.[1] Furthermore, a "reasonable accommodation" may include job restructuring, reassignment to a vacant position, appropriate adjustment of policies, or other similar accommodations for individuals with disabilities.[2]

Terry Bailey, the accommodations coordinator for TDCJ, confirmed the existence of modified, light-duty jobs for the very Admin Assistant IV position that Ms. Cyrilien held.[3] Furthermore, contrary to TDCJ's repeated suggestion, there is no indication in Ms. Bailey's testimony that light-duty jobs for the Admin Assistant IV position were vacant at the time that Ms. Cyrilien sought an accommodation. Ms. Bailey's testimony indicates that such positions were indeed available to ill Admin Assistant IV employees because Ms. Bailey had seen such employees get light-duty jobs. To the extent that Ms. Bailey's testimony was

---

[1] 42 U.S.C. § 12111(8).
[2] 42 U.S.C. § 12111(9)(B).
[3] ROA 302

contradicted by TDCJ employee Lora Cox's alleged assertion to Ms. Cyrilien that such jobs did not exist, the trial court should have allowed the jury to determine whose assertions about the existence of light duty work for Ms. Cyrilien was accurate.

As such, there is sufficient evidence that a reasonable jury could have found that there was light-duty work available for Ms. Cyrilien at the time that she sought a reasonable accommodation and thus, that Ms. Cyrilien was a qualified individual pursuant to the ADA.

**II.     TDCJ Has Shown No Evidence That Essential Functions of Ms. Cyrilien's Job Would Be Transferred to Other Employees Had She Been Given A Reasonable Accommodation.**

TDCJ's makes the baseless suggestion that it would have to transfer Ms. Cyrilien's essential job functions of the Admin Assistant IV position to other employees if it followed the law and gave her a reasonable accommodation. However, TDCJ never states which of the essential functions Admin Assistant IV position would supposedly have to be transferred to other employees if Ms. Cyrilien were accommodated. That is because Ms. Cyrilien has never contended that a reasonable accommodation would require the transfer of any such functions to other employees.

The evidence shows that TDCJ has placed ill Admin Assistant IV employees in light-duty positions in the past.[4] Ms. Bailey has witnessed such individuals be placed in "clerk-type positions, answering telephones, in the mailroom opening mail."[5] Nowhere in Ms. Bailey's testimony is there any assertion that she saw some of the essential functions of the ill Admin Assistant IV employees be transferred to other employees.

The fact of the matter is there is no testimony from Ms. Cyrilien or anyone else that if she were given the same reasonable accommodation that the other employees that Ms. Bailey referred to were given, there would then be a need to transfer some of Ms. Cyrilien's essential job functions to someone else. Pursuant to the ADA, a reasonable accommodation can include job restructuring, modified work schedules, an appropriate adjustment of policies, and other similar accommodations.[6] This is the very kind of accommodation that Ms. Cyrilien sought and that the evidence shows TDCJ had, but refused to give to her.

### III. Ms. Cyrilien Could Appear for Work If Given A Reasonable Accommodation.

Ms. Cyrilien was also a qualified individual per the ADA because she was willing and able to show up to work with a reasonable accommodation. As TDCJ admits, Ms. Cyrilien testified that she would have been able to return to a light-

---

[4] ROA 302
[5] *Id*.
[6] 42 U.S.C. § 12111(9)(B).

duty version of her job.[7] TDCJ seems to believe that Ms. Cyrilien's goal was "infinite leave," despite the fact that, as TDCJ admits, she never sought that.[8] Instead, Ms. Cyrilien made clear that her "main goal" was to maintain her job.[9] She needed her job and did not want to be let go from it.[10]

TDCJ uses a misleading medical record to support its claim that Ms. Cyrilien could not appear for work. A doctor estimated in that record that Ms. Cyrilien would not be able to work *full duty* until February 24, 2021.[11] However, Ms. Cyrilien was seeking to come back to work with a reasonable accommodation, so the doctor's guess as to when she could work *full duty* is irrelevant to Ms. Cyrilien's seeking of light-duty work. Further, Ms. Cyrilien explained that that projected return-to-full-duty work date changed based on additional paperwork that she submitted about her health status. As such, that February 24, 2021 date is irrelevant, obsolete, and should not be considered.

## IV. TDCJ's Claim That It Fired Ms. Cyrilien Due to LWOP Expiration Is Merely A Pretext for Disability Discrimination.

If an employer presents an allegedly non-discriminatory reason for an adverse employment action taken against an employee, the employee may satisfy her burden by showing evidence from which a jury could conclude that the

---

[7] ROA 288, 292, 295
[8] Appellee Br. 23
[9] ROA 289
[10] *Id.*
[11] ROA.180

employer's articulated reason for the adverse employment action is pretextual.[12] An employee may show that an employer's action is pretextual with evidence that the employer's proffered explanation is false or unworthy of credence.[13] An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action.[14]

    TDCJ's claim that it fired Ms. Cyrilien merely because her LWOP expired is pretextual is "an explanation that is false or unworthy of credence." The record reflects that Ms. Cyrilien was told by TDCJ employee Lora Cox that Ms. Cyrilien needed to return to work once her leave expired.[15] Yet, when Ms. Cyrilien tried hard to make arrangements to come back to work with a reasonable accommodation, TDCJ employee Lora Cox denied her that accommodation without even bothering to check to see if the accommodation was available.[16] Ms. Cox's rejection of the accommodation was wholly unwarranted, as pursuant to the testimony of Ms. Bailey, there were light-duty jobs available for ill TDCJ Admin Assistant IV employees.

    Not only did TDCJ mislead Ms. Cyrilien about the existence of any light-duty jobs for her position, but they fired her right after she diligently tried to obtain

---

[12] *Caldwell v. KHOU-TV*, 850 F.3d 237, 241-42 (5th Cir. 2017).
[13] *Caldwell v. KHOU-TV*, 850 F.3d at 242.
[14] *Id.*
[15] Appellee Br. 23; ROA 109-10
[16] ROA 289

one in order to go back to work. Thus, a reasonable jury could have found that TDCJ's LWOP-expiration excuse for terminating her is "false or unworthy of credence," and is therefore a merely pretextual excuse for its disability discrimination.

## Conclusion

This Court should reverse the district court's order granting Appellee's Motion for Summary Judgment and remand for further proceedings. There is sufficient evidence to create a genuine issue of material fact to whether Appellant is a "qualified individual" under the Rehabilitation Act and whether Appellee discriminated against her solely due to her disability.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

/s/ Rashon Murrill
Rashon Murrill
State Bar of Texas: 24110622
Alan Kolodny
State Bar of Texas: 24056882
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: rmurrill@fko-law.com
Email: akolodny@fko-law.com

**ATTORNEYS FOR PLAINTIFF-APPELLANT PAMELA CYRILIEN**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record on November 8, 2023 and has been transmitted to the Clerk of the Court.

/s/ Rashon Murrill
Rashon Murrill

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    - This brief contains 1,173 words.

2. This brief also complies with the typeface requirements of Fed R. App. P. 32(A)(5) and the type-style requirements of Fed. R. App. P. 32(A)(6) because:

    - This document has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Times New Roman.

/s/ Rashon Murrill
Rashon Murrill
Counsel of Record for Plaintiff-Appellant Pamela Cyrilien

Dated November 8, 2023